UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ERRICK DEVON MATHIS,                )
                                    )
        Plaintiff,                  )       Civil Action No. 6:15-084-GFVT
                                    )
V.                                  )
                                    )       **MEMORANDUM OPINION**
MARCHUM, Correctional Officer, et al.,  )          **&**
                                    )        **ORDER**
        Defendants.                 )

**** **** **** ****

Plaintiff Errick Devon Mathis is a federal prisoner currently confined at the United States

Penitentiary-McCreary in Pine Knot, Kentucky.  Proceeding *pro se*, Mathis has filed a Complaint

pursuant to 28 U.S.C. § 1343(a), *et seq*., the Federal Tort Claims Act ("FTCA").  Mathis names

as Defendants eight Correctional Officers at USP-McCreary, identifying them only by their

surnames: Marchum, Doyle, Garland, Coffman, Fowler, Pharis, McKee, and Brown.[1]  Mathis's

claim concerns the alleged loss and/or destruction of some of his personal property while he was

confined in the Special Housing Unit at USP-McCreary.  [R. 1.]

Because Mathis is proceeding *in forma pauperis* and because he asserts claims against

government officials, the Court must conduct a preliminary review of his Complaint.  28 U.S.C.

§§ 1915(e)(2), 1915A.  A district court must dismiss any claim that it finds to be frivolous or

malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary

---

[1] Mathis filed this action on a form to be utilized by federal inmates for the filing of various types of complaints, such as claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1343(a), *et seq*.; claims filed pursuant to 42 U.S.C. § 1983; and claims filed pursuant to 28 U.S.C. § 1331.  The CM/ECF docket sheet incorrectly identifies this action as being filed pursuant to 28 U.S.C. § 1331.  The Clerk of the Court will be directed to amend the CM/ECF docket sheet to reflect the proper classification of this action as a complaint filed under the FTCA, 28 U.S.C. § 1343(a).

relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Mathis's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage in the litigation, the Court accepts the Plaintiff's factual allegations as true, and the legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given the Complaint a liberal, and hence broad, construction and will evaluate any cause of action which can reasonably be inferred from the allegations made.

## I

### A

In his Complaint, Mathis states that in January of 2015, he was moved from cell A2-218 to a cell in the Special Housing Unit ("SHU") for several days for observation. [R. 1, p. 3.] Mathis claims that Officer Marchum gathered his personal property and that, while his property was not immediately inventoried, it was later inventoried by prison correctional officers. Mathis states that after he was released from the SHU, he was returned to his former cell, A2-218. When his personal property was reissued to him, he noticed that some of it had been damaged (his Sony AM/FM radio) and/or was missing (a personal incoming letter that contained twenty "Forever" stamps, legal envelopes, and an ink pen). He claims that the Defendant Correctional Officers negligently permitted his personal property to be damaged or lost. Mathis seeks compensatory damages. Further, though the Complaint is unclear, he may also be asserting a violation of his constitutional rights.[2]

---

[2] To the extent that Mathis may be claiming that the Defendants' alleged negligence resulting in the damage/loss to his personal property violated his constitutional rights, such claim fails as a matter of law. The negligent loss, as opposed to intentional destruction, of personal property does not amount to a Due Process claim. *Parratt v. Taylor*, 451 U.S. 527, 543-45, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Carlton v. Jondreau*, 76 F. App'x 642 (6th Cir.2003).

Pursuant to 31 U.S.C. § 3723, Mathis filed a request for administrative settlement of his claim against the BOP for the damaged/lost property.  The BOP classified this request as a tort claim and identified it as Claim TRT-MXR-2015-02614.  Mathis sought $105.00 in compensation for the value of his property.  [R. 1-2.]  On April 21, 2015, the BOP denied his claim, explaining the basis for its decision as follows:

> A review into your claim reveals that you were placed in the Special Housing Unit on January 9, 2015.  Your property was inventoried with you in the SHU Unit on January 14, 2015.  You did not note any missing or damage[d] property at that time.  You were able to keep your radio, a pair of shower shoes, 2 pairs of glasses with 2 cases, and 8 inches of legal material.  You did not purchase any items while in the SHU Unit.  You did not have any stamps, pens, envelopes, or personal papers with you in the cell in the SHU Unit.  During the interview concerning this claim with you and a staff member, you had your radio with you and it was in working order.

[R. 1-2.]  The BOP advised Mathis that he could request a reconsideration of his claim, but instead of doing so, Mathis elected to file the present action on May 6, 2015.

## B

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States. The operative jurisdictional provision is set forth in Title 28:

> . . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  This provision operates to permit an action against the United States for negligent or intentional acts committed by its employees during the course of their employment,

---

Therefore, while the loss of his personal property is unfortunate, it does not rise to the level of a constitutional violation.

so long as the administrative procedures outlined in its provisions are satisfied.  *See Fitch v. United States*, 513 F.2d 1013 (6th Cir. 1975).

While most claims of negligence may be asserted under the FTCA, there are exceptions. Relevant to this case is the exception for "[a]ny claims arising in respect of the assessment or collection of any tax or customs duty, or the detention of any ... property by any officer of customs or excise or any other law enforcement officer."  28 U.S.C. § 2680(c).  While the phrase plainly applies to the activities of customs officers, the Supreme Court has held that the words "[a]ny claims arising in respect of . . . the detention of any . . . property by . . . any other law enforcement officer" also apply to a claim for lost property by a federal inmate.  *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831 (2008).  In *Ali*, the Supreme Court held that this language barred a federal prisoner's FTCA claim arising out of the loss of certain personal property during his transfer between federal prisons.  In reaching its decision, the Supreme Court noted that the word "detention" should be broadly interpreted.  *Id.* at 217 (citing *Kosak v. United States*, 465 U.S. 848, 854-59 (1984)).  The Supreme Court's holding in *Ali* overruled established Sixth Circuit precedent which had held that Section 2680 only applied to law enforcement officers performing customs or excise functions.  *Id.* at 217, n. 1 (citing *Kurinsky v. United States*, 33 F.3d 594, 598 (6th Cir.1994)). Because Mathis's claim is one "in respect of . . . the detention of any . . . property by . . . any other law enforcement officer" under *Ali*, it falls within the scope of Section 2680(c)'s exemption.  Therefore, the claim is not cognizable under the FTCA and must be dismissed with prejudice.

## II

For the aforementioned reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

4

1.  The Clerk of the Court is **DIRECTED TO AMEND** the CM/ECF docket sheet to reflect that this action is being filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1343(a), rather than 28 U.S.C. § 1331;

2.  Plaintiff Errick Mathis's Complaint filed under the Federal Tort Claims Act, 28 U.S.C. § 1343(a), [R. 1] is **DENIED**;

3.  Judgment shall be entered contemporaneously with this Memorandum Order and Opinion in favor of the Defendants; and

4.  This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

This the 9th day of December, 2015.

Gregory F. Van Tatenhove
United States District Judge